Jennifer M. French, State Bar No. 265422
jennf@lcllp.com
**LYNCH CARPENTER, LLP**
9171 Towne Centre Dr., Ste. 180
San Diego, CA 92122
Telephone: (619) 762-1903

Neal J. Deckant, State Bar No. 322946
ndeckant@bursor.com
Luke Sironski-White, State Bar No. 348441
lsironski@bursor.com
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455

*Attorneys for Plaintiffs and Proposed Class Counsel*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MOORHEAD, L.M., D.H., and E.L., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIT45, INC.,<br><br>Defendant. | Case No.: 3:24-cv-00499-L-DEB<br><br>**DECLARATION OF JENNIFER M. FRENCH IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: May 18. 2026<br>Time: 10:30 a.m.<br>Judge: Hon. M. James Lorenz<br><br>**PURSUANT TO LOCAL RULES, THERE WILL BE NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT.**<br><br>**SPECIAL BRIEFING SCHEDULE (Dkt. No. 51)** |

I, Jennifer M. French, declare as follows:

1. I am an attorney duly licensed to practice in the state of California. I am a partner at Lynch Carpenter, LLP, one of the attorneys for Plaintiffs in the above-entitled action. I have personal knowledge of all facts stated in this declaration, and if called as a witness, could and would competently testify to these facts.

## CLASS COUNSEL QUALIFICATIONS

2. Lynch Carpenter, LLP (formerly Carlson Lynch, LLP) is highly experienced and knowledgeable in complex consumer class action litigation and well-equipped to efficiently represent the proposed Classes. Proposed Class Counsel are experienced consumer class action attorneys, have litigated many cases involving California's Unfair Competition Laws, False Advertising Law, Consumer Legal Remedies Act, and Oregon's Unlawful Trade Practices Act claims, and they have vigorously investigated and prosecuted this case since inception.

3. I began my practice at the San Diego office of Cooley LLP, a large national firm that focuses on complex litigation, including class actions. After gaining experience on the defense side, I moved to the plaintiffs' side in 2019 and joined Patterson Law Group, APC, where I took over the class action practice of Magistrate Judge Allison H. Goddard upon her elevation to the bench. I joined Lynch Carpenter in 2024 to expand my work representing consumers, employees, and plaintiffs on a national scale. I have argued before the California Court of Appeal and serve as court-appointed counsel for indigent criminal appellants. I am an accomplished trial attorney, in both state and federal courts in California, and possess a unique blend of familiarity with this Court and substantive knowledge and experience in complex class action litigation.

4. I have secured tens of millions of dollars for plaintiffs, including a $10 million settlement for patients in a privacy class action, *Jones v. Sharp Healthcare, et al.*, No. 37-2017-00001377-CU-NP-CTL (San Diego Cnty. Super. Ct., Sept. 29, 2023). In June 2025, Judge Roger T. Benitez appointed me as Liaison Counsel in the *In Re: PowerSchool Holdings, Inc. and PowerSchool Group, LLC Customer Security Breach*

*Litig.*, No. 25-md-3149-BEN-MSB (S.D. Cal.) MDL on behalf of the 71.9 million individual and 17,000 school district plaintiffs. I have also been fortunate to serve or be court-appointed to leadership positions in numerous MDLs. And, over the years, our firm's other attorneys have also been appointed to leadership positions in numerous MDL and complex consumer class cases. Attached to the Appendix filed concurrently herewith as Exhibit 30, is the firm resume of Lynch Carpenter, showing the firm's substantial additional experience successfully litigating consumer class actions.

5. Courts have confirmed the firm's ability to represent the interests of class members fairly and adequately:

> Class counsel have abundant experience as lead counsel in consumer class action litigation. Indeed, class counsel have frequently appeared before this Court. Other courts have routinely recognized class counsels' adequacy … This Court readily agrees with these other courts, and finds that Bruce Carlson and Gary Lynch are more than adequate counsel, and indeed are capable and diligent class action attorneys.

Hon. R. Stanton Wettick, Jr., *In re Wireless Phone Equip. Replacement Ins. Litig.*, (C.P. Allegheny County, Pa. 2005).

> The Court is well familiar with the Carlson Lynch firm given their appearances here in court … I know from their representation of individuals here in this court, as well as classes here in this court, the firm provides exemplary service, very solid work ready product throughout the life of this case as in all of their cases.

Hon. Nora Barry Fischer, District Judge, Transcript of Hearing on Class Action Settlement, *White v. 1 Person at a Time, LLC*, No. 2:17-cv-1047 (W.D. Pa. June 14, 2018).

6. Rule 23(g) requires the Court to consider "the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(iv). As repeatedly demonstrated by the firm's success in class action litigation, Lynch Carpenter has more than sufficient resources to continue advancing this litigation. In addition to financial resources, Lynch Carpenter has the personnel, expertise and infrastructure necessary to continue successfully pursuing this litigation. Lynch Carpenter has over 20 attorneys across five offices, as well as dedicated consumer departments with strong support staffs

prepared to commit all the resources and time necessary to achieve the best possible result. This litigation has not and will not suffer for lack of resources from this firm.

7. Lynch Carpenter has litigated numerous false advertising cases like this one in a variety of roles, including as co-lead counsel in the pending MDL, *In re: Folgers Coffee Mktg.*, No. 4:21-cv-02984-BP (W.D. Mo.) at Dkt. No. 48. Lynch Carpenter achieved, with our co-counsel Blood, Hurst & O'Reardon, a $53,000,000 settlement in a false advertising case challenging the efficacy of the over-the-counter-glucosamine product, Schiff "Move Free" Glucosamine in *Gordon Yamagata, et al. v. Reckitt Benckiser LLC*, No. 3:17-cv-03529 (N.D. Ca 2021). The Schiff case involved a nationwide analysis of consumer protection and false advertising regulations and the issuance of subpoenas to the very same retailers, grocers, and pharmacies that sell the subject phenylephrine products. Lynch Carpenter has also resolved numerous other false advertising cases on a class-wide basis as well. *See, e.g.*, *Rivali et al. v. Shutterfly, L.L.C.*, No. 37-2023-00019221, (S.D. Sup. Ct. 2024); *Williams v. Udemy, Inc.*, No. 3:21-cv-06489-EMC (N.D. Cal.); *Harris v. Sheplers, Inc.*, No. 19STCV16051 (Cal. Super. Ct. L.A. Cnty.), *Petkevicius v. Lamps Plus, Inc.*, No. 37-2019-00020667-CU-MC-CTL (Cal. Super. Ct. San Diego Cnty.), *Olmedo v. PVH Retail Stores, LLC*, No. 37-2019-00003250-CU-MC-CTL (Cal. Super. Ct. San Diego Cnty.), *Seegert v. Lamps Plus, Inc.*, No. 37-2017-00024439-CU-BT-CTL (Cal. Super. Ct. San Diego Cnty.), *Rael v. New York & Co.*, No. 3:16-cv-00369-BAS-JMA (S.D. Cal.), and *Rael v. Children's Place, Inc,.* No. 3:16-CV-00370-GPC-LL (S.D. Cal.).

8. Lynch Carpenter has experience leading large MDL actions and complex consumer class cases like this one. *See, e.g.*, Ex. 30.

**EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

9. Attached to the Appendix filed concurrently herewith as Exhibit 1 is a true and correct copy of the Expert Report of Dr. Daniel Overbeek, MD.

10. Attached to the Appendix filed concurrently herewith as Exhibit 2 is a true and correct copy of the transcript of the Deposition of Ryan Niddel, dated January 16, 2026.

11. Attached to the Appendix filed concurrently herewith as Exhibit 3 is a true and correct copy of First Supplemental Responses to Plaintiffs' First Set of Interrogatories to Defendant.

12. Attached to the Appendix filed concurrently herewith as Exhibit 4 is a true and correct copy of MIT45_004443.xlsx.

13. Attached to the Appendix filed concurrently herewith as Exhibit 5 is a true and correct copy of MIT45_020423.

14. Attached to the Appendix filed concurrently herewith as Exhibit 6 is a true and correct copy of MIT45_022320.

15. Attached to the Appendix filed concurrently herewith as Exhibit 7 is a true and correct copy of MIT45_022905.

16. Attached to the Appendix filed concurrently herewith as Exhibit 8 is a true and correct copy of MIT45_014338.

17. Attached to the Appendix filed concurrently herewith as Exhibit 9 is a true and correct copy of MIT45_020593.

18. Attached to the Appendix filed concurrently herewith as Exhibit 10 is a true and correct copy of MIT45_019286.

19. Attached to the Appendix filed concurrently herewith as Exhibit 11 is a true and correct copy of MIT45_020556.

20. Attached to the Appendix filed concurrently herewith as Exhibit 12 is a true and correct copy of MIT45_020549.

21. Attached to the Appendix filed concurrently herewith as Exhibit 13 is a true and correct copy of the Declaration of L.M. in support of the Motion for Class Certification.

22. Attached to the Appendix filed concurrently herewith as Exhibit 14 is a true and correct copy of the Declaration of D.H. in support of the Motion for Class Certification.

23. Attached to the Appendix filed concurrently herewith as Exhibit 15 is a true and correct copy of the Declaration of E.L. in support of the Motion for Class Certification.

24. Attached to the Appendix filed concurrently herewith as Exhibit 16 is a true and correct copy of the Expert Report of Andrea Lynn Matthews, Ph.D.

25. Attached to the Appendix filed concurrently herewith as Exhibit 17 is a true and correct copy of the Expert Report of William Ingersoll, Ph.D.

26. Attached to the Appendix filed concurrently herewith as Exhibit 18 is a true and correct copy of MIT45_020416.xlsx.

27. Attached to the Appendix filed concurrently herewith as Exhibit 19 is a true and correct copy of 710 Pipes Resp.

28. Attached to the Appendix filed concurrently herewith as Exhibit 20 is a true and correct copy of Apotheca Resp.

29. Attached to the Appendix filed concurrently herewith as Exhibit 21 is a true and correct copy of MIT45_000662.

30. Attached to the Appendix filed concurrently herewith as Exhibit 22 is a true and correct copy of MIT45-000647.

31. Attached to the Appendix filed concurrently herewith as Exhibit 23 is a true and correct copy of MIT45-000689.

32. Attached to the Appendix filed concurrently herewith as Exhibit 24 is a true and correct copy of MIT45-000694.

33. Attached to the Appendix filed concurrently herewith as Exhibit 25 is a true and correct copy of MIT45-000599.

34. Attached to the Appendix filed concurrently herewith as Exhibit 26 is a true and correct copy of MIT-000032.

35. Attached to the Appendix filed concurrently herewith as Exhibit 27 is a true and correct copy of MIT45, Inc.'s product page for MIT45-The Gold Standard of Kratom, available at https://mit45.com/product/gold-standard/.

36. Attached to the Appendix filed concurrently herewith as Exhibit 28 is a true and correct copy of MIT45's product page for MIT45 Super K, available at https://mit45.com/product/super-k/.

37. Attached to the Appendix filed concurrently herewith as Exhibit 29 is a true and correct copy of MIT45's product page for MIT45 Super K Extra Strong, available at https://mit45.com/product/super-k-extra-strong/.

38. Attached to the Appendix filed concurrently herewith as Exhibit 31 is a true and correct copy of Bursor & Fisher, P.A. Firm Resume.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed February 5, 2026 in San Diego, California.

           */s/ Jennifer M. French*
           Jennifer M. French